**KOK LEONG LAW, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–3378–ag.

United States Court of Appeals, Second Circuit.

Dec. 29, 2006.

Yuming Wang, Wynnewood, PA, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia; Danial E. Bennett, Assistant United States Attorney, Savannah, GA, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Petitioner Kok Leong Law, a citizen of Malaysia, seeks review of a June 30, 2006 order of the BIA affirming the March 9, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kok Leong Law,* No. A 97 656 344 (B.I.A. June 30, 2006), *aff'g* No. A 97 656 344 (Immig. Ct. N.Y. City March 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that our review in this case is confined to the agency's denial of Law's withholding of removal claim because we dismiss the petition for review with respect to Law's asylum claim and deny the petition for review with respect to his CAT claim. The agency pretermitted Law's asylum application because he failed to file that application within one year of his arrival in the United States as required by 8 U.S.C. § 1158(a)(2)(B), and found that neither changed nor extraordinary circumstances justified the late filing under 8 U.S.C. § 1158(a)(2)(D). Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review that finding and dismiss the petition for review to that extent. We further note that even if we had jurisdiction, Law has waived any challenge to the agency's timeliness finding by failing to address it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (emphasizing that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice"). Law has also waived

any challenge to the agency's denial of his CAT claim by similarly failing to present any argument regarding that claim to this Court. *See id.*

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, substantial evidence supports the BIA's and IJ's adverse credibility determinations with respect to Law's withholding of removal claim. The BIA and IJ properly found that the omission of several instances when he was detained from his written application undermined his credibility. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). These omissions were both substantial and material, given his claim that he left Malaysia because he felt his freedom was "restricted" after having been repeatedly detained. *See id.* The BIA and IJ also appropriately relied on the lack of any documentary evidence to corroborate Law's claim, such as statements from his parents, where the absence of corroboration in general made him unable to rehabilitate testimony already called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006). Further, although Law submitted a letter from the Democratic

Action Party, whose members should have been aware of his past detentions, the letter failed to indicate that he had experienced any difficulty with the Malaysian government. Because the BIA's and IJ's adverse credibility determinations were based on matters material to Law's claim of persecution, the Court need not disturb the decision in this case, nor reach the BIA's alternate burden of proof finding. *Zhou Yun Zhang,* 386 F.3d at 74.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.